Case 7:20-cv-00430   Document 6   Filed on 03/30/21 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALEXANDRO RAMON CETINA (TDCJ # 02225-334), Plaintiff/Petitioner, | § § § § | |
| v. | § § | CIVIL ACTION NO. 7:20-cv-00430 |
| BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, Defendant/Respondent. | § § § § § § | |

### REPORT AND RECOMMENDATION

Petitioner, Mr. Alexandro Ramon Cetina, a state prisoner proceeding *pro se*, filed a letter complaint that appeared to be an informal request for a habeas corpus proceeding pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The letter complaint was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

Based on Petitioner's latest response to two Orders from the undersigned to complete and submit the entitled form: "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254 (Rev. 9/10)," it appears that Petitioner is seeking an appeal of his state conviction. This court lacks subject-matter jurisdiction for such an appeal. Accordingly, the undersigned recommends that Petitioner's letter complaint (Dkt. No. 1) be **DISMISSED** without prejudice. Further, it is recommended that Petitioner's related request for counsel (Dkt. No. 2) be **DENIED** as **MOOT** and the case be closed.

### I. BACKGROUND

On August 17, 2020, Petitioner filed a letter complaint that was interpreted to be a petition for writ of habeas corpus per 28 U.S.C. § 2254, and the matter was initially opened by the Clerk's

1

Office as a miscellaneous matter. *Alexandro Ramon Cetina v. Lorie Davis*,[1] Case No. 7:20-mc-1161-01, Dkt. No. 1.[2] On October 5, 2020, Petitioner was ordered to pay the $5 filing fee or, alternatively, request to proceed *in forma pauperis* in regard to the letter petition. (Case No. 7:20-mc-1161-01, Dkt. No. 3.) On October 23, 2020, Petitioner requested an extension of the original 30-day deadline to pay the fee. (Case No. 7:20-mc-1161-01, Dkt. No. 4.) The fee was subsequently paid on December 21, 2020, and this matter was formally opened by the Clerk's Office on the same day. (Dkt. No. 1.)

Within the letter complaint, Petitioner claims that he "want[s] to appeal the charge for which I'm being sentenced to 25 years, for Continuous Sexual Assault of a Child younger than 14 years old." (Dkt. No. 1 at 1.) Further, "[i]t's ridiculous that I am being charged with something I didn't do." (*Id.* at 3.) And, "[c]an we sue the State for the time I have been locked up unjustly?" (*Id.* at 4.) Further, Petitioner has requested counsel: "If you know of anyone that might help me and will work on commission, please give me his name, number and address so that I may contact him." (*Id.* at 4.) The letter complaint included an attachment that appears to be a handwritten docket sheet for *State of Texas v. Alexandro Cetina*, Case No. CR-0203-18-A, out of the 92nd District Court, Hidalgo County, Texas. (Dkt. No. 1-2.) The document included a list of attorneys,

---

[1] At the time of initial filing, Lorie Davis was Director of Texas Department of Criminal Justice (TDCJ), Correctional Institutional Division. Bobby Lumpkin was named Director in August of 2020; therefore, the named representative for TDCJ has been updated to reflect this change. Texas Department of Criminal Justice, *Bobby Lumpking [sic] Named Director of Correctional Institutions Division* (Aug. 2020), https://www.tdcj.texas.gov/connections/-articles/20200800_Bobby_Lumpkin_named_director_of_CID.html. *See also* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity ... ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] The majority of Petitioner's filings have been in Spanish and have been translated for these proceedings by federal certified court interpreters employed by the Southern District of Texas. Citations will be to translated documents.

the charging information, and the allegation that Petitioner pled guilty to and was sentenced for by the state district judge. (*Id.* at 2.) Based on the document, it appears that on September 26, 2018, Petitioner was sentenced to 25 years in state prison for Sexual Abuse of Child – Continuous Conduct and Victim Under 14.[3] (*Id.*) A second letter filed by Petitioner included a request for court appointed counsel. (Dkt. No. 2 at 1.)

A review of online records for the Texas Department of Criminal Justice (TDCJ) confirms that Petitioner was sentenced on September 26, 2018, out of Hidalgo County, Texas, to 25 years in prison for Sexual Abuse of Child – Continuous Conduct – Under 14. The date of the offense is listed as September 25, 2015. Texas Department of Criminal Justice, *Offender Information Details*, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=17182485 (last visited on March 12, 2021).

On December 22, 2020, the undersigned issued an Order requesting that Petitioner substantially comply with Rule 2(d) of the Rules Governing § 2254 Cases by filing the § 2254 form as prescribed by the local rules. (Dkt. No. 3); *see also* In the Matter of Adoption of Standard Form for Filing Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254, Gen. Order No. 2010-12 (S.D. Tex. Nov. 23, 2010). This Order provided a deadline of January 21, 2021. When no response was filed, a second Order was issued requesting the same and extending the deadline to March 9, 2021. (Dkt. No. 4.) In each instance, the standard form for § 2254 petition was sent with the Order by the Clerk's Office. As part of the second Order, Petitioner was advised that if he believed he was unable to complete the form then he should submit, in the alternative, a filing explaining (1) why said form was not completed and (2) whether or not Petitioner "wishes to still go forward with these proceedings by March 9, 2021." (*Id.* at 1.)

---

[3] *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2017).

On March 5, 2021, the Clerk's Office received Petitioner's reply. (Dkt. No. 5. at 1.) Within the letter, Petitioner sets out, "Why are you sending me Form 2254 if I have not yet fought 1107?"; and, "I asked for an appellate attorney, my transcript, and you're just playing dumb." (*Id.*) Petitioner also claims that the state district court handed down an illegal sentence, asks for reparations for illegal incarceration, and demands immediate release. Petitioner claims that he received a sentence of 25 years because he is Mexican, while "whites or gringos are given a minimum sentence." (*Id.*) While the majority of Petitioner's letter is in Spanish, there is one paragraph in English that sets forth the following: "To proceed in federal court, [one] must ordinarily first exhaust your available state court remedies." (*Id.* at 2.) In his final paragraph, Petitioner argues that his life has been subject to unnecessary risk due to his exposure to a cellmate who tested positive for Covid-19. (*Id.*) The standard habeas form that was provided to Petitioner with each of the Orders was not submitted with the letter.

## II. APPLICABLE LAW

### A. Liberal Construction

A *pro se* petitioner, a petitioner not represented by counsel, is entitled to a more liberal construction of his filings and sometimes information within a letter will be sufficient to allow the court to construe the claim. As set forth by the Supreme Court, *pro se* pleadings are held to less stringent standards than those drafted by practicing attorneys. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [Plaintiff] is *pro se*, [the Court will] construe his pleadings liberally."); *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996) (a "*pro se* complaint is to be construed liberally."). "It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas

filing." *Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (citations omitted). However, with that said, "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

## B. Courts of Limited Jurisdiction

Federal courts are courts of limited jurisdiction. Federal courts "are empowered to hear only those cases that (1) are within the judicial power of the United States, as defined in the Constitution, and (2) that have been entrusted to them by jurisdictional grant by Congress." 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2008); *see also* 28 U.S.C. § 1331. While such empowerment includes habeas matters, it does not include appellate jurisdiction of state level convictions. "Justices and Judges of the Courts of the United States derive their authority to entertain writs of habeas corpus in behalf of a person in custody pursuant to a judgment of a state court from the Federal Statutes, Title 28 U.S.C.A. §§ 2251 to 2254." *State ex rel. Wilson v. Briggs*, 351 S.W.2d 892, 485 (Tex. Crim. App. 1961).

Whether or not a federal court has subject matter jurisdiction can be raised by either party or by "the court on its own initiative at any stage in the ligation, see Fed. Rule Civ. Proc. 12(b)(1), even after trial and the entry of judgment" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 168 L. Ed. 2d 1097 (2006). "Rule 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'" *Arbaugh*, 546 U.S. at 506 (citing *Kontrick v. Ryan*, 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)).[4]

---

[4] "The Federal Rules of Civil Procedure generally govern habeas proceedings" pursuant to Fed. R. Civ. P. 81(a)(4). *Banister v. Davis*, --- U.S. ---, 140 S. Ct. 1698, 1705, 207 L. Ed. 2d 58 (2020). "They give way, however, if and to the extent 'inconsistent with any statutory provisions or [habeas-specific] rules.'" *Id.* (quoting Rule 12 of Rules Governing § 2254 Cases).

5

## C. Habeas Proceedings from State Court

An application for a writ of habeas corpus pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) by a person in custody under the judgment of a state court can only be granted on grounds that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas proceedings must honor the "presumption of finality and legality [that] attaches to [a petitioner's] conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983). Relief is not available for any claim decided on the merits in the state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Furthermore, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement "is grounded in principals of comity and reflects a desire to protect the state courts' role in the enforcement of federal law." *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989) (quotation marks and citation omitted). The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule] creates a strong presumption in favor

of requiring the prisoner to pursue his available state remedies." *Id.* (quotation marks, internal citations and footnote omitted).

A petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (cleaned up). To satisfy the exhaustion requirement, the claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the state of Texas, the Texas Court of Criminal Appeals is the highest court for the purpose of exhaustion. *Id.* at 431. Either a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus, Tex. Code Crim. Proc. art. 11.07, can be filed to proceed before the Texas Court of Criminal Appeals. Therefore, to be exhausted the state courts must have been presented with the same facts and the same legal theory upon which the petitioner bases his assertion. The Supreme Court has held that "the substance of the federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275-278, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) (citations omitted). A petitioner must also present his claims in a procedurally correct manner to the highest state court in order to satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351. If a petitioner raises a claim in such a way that its merits will not be presented, he has not "fairly presented" the claim to the state courts, and, therefore, he has not exhausted his claims. *Id.*

Generally speaking, assuming the exhaustion requirements are met, a state prisoner "gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, --- U.S. ---,

140 S. Ct. 1698, 1703, 207 L. Ed. 2d 58 (2020). "To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Id.* at 1704 (citing 28 U.S.C. § 2244(b)(3)(C)). This second petition cannot reassert claims presented in the first petition and can only move forward if the claim "relies on a new or retroactive rule of constitutional law or it if alleges previously undiscoverable facts that would establish his innocence." *Id.* at 1704 (citing 28 U.S.C. § 2244(b)(1), (b)(2)).

### III. <u>DISCUSSION</u>

In this matter, based on the issues set forth in the letter complaint, it initially appeared that Petitioner was trying to set forth a claim under 28 U.S.C. § 2254 in regard to his state conviction. In particular, he set forth a potential claim of actual innocence, ineffective assistance of counsel, and an involuntary plea. (Dkt. No. 1.) Based on that initial review and to clarify the claims, an Order was submitted – along with a "Petition for Writ of Habeas Corpus: 28 U.S.C. § 2254 (Rev. 9/10)" form – to allow Petitioner to comply with the Rules Governing Section 2254 Cases and to allow the undersigned an opportunity to appropriately evaluate the merits of the case. *See* 28 U.S.C. § 2254 Rule 2(d). Upon receiving that information, the Petitioner has set out that he wishes to appeal his conviction. Petitioner explicitly stated, "Why are you sending me Form 2254 if I have not yet fought 1107? I know the process of the courts." (Dkt. No. 5 at 1.) It can be deduced that by "1107," Petitioner refers to Tex. Code Crim. Proc. art. 11.07, which establishes the procedures for a state application for writ of habeas corpus. Petitioner further clarifies that he is asking for "an appellate attorney, my transcript, ...." (*Id.*) Petitioner also sets forth in English the exhaustion requirement, which must be met before Petitioner can proceed with a federal habeas claim. Finally, in his first letter to the court, Petitioner stated that he "want[s] to appeal the charge

for which I'm being sentenced to 25 years, for Continuous Sexual Assault of a Child Younger than 14 years old." (Dkt. No. 1 at 1.)

The response established that Petitioner is familiar enough with filing a habeas claim to understand the exhaustion requirement in regard to the state proceedings. Petitioner stated he had not even filed a state habeas claim under art. 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Pro. Ann. art 11.07 (West 2005 & Supp. 2013) (setting forth habeas procedures in Texas after conviction without penalty of death). Furthermore, Petitioner has set forth again that he had asked for "appellate counsel" and a "transcript" of the proceedings. Considering the totality of the filings, it can reasonably be concluded that Petitioner has mistakenly set forth an appeal of his conviction in federal court as he believes the evidence does not support his guilty plea. Petitioner must pursue his appeal in state court. Such an appeal is beyond the jurisdiction of this court as federal courts are courts of limited jurisdiction that do not have such appellate authority within our system of federalism.[5] Therefore, the matter should be dismissed without prejudice and any request for counsel should be denied as moot.

## IV. CIVIL PROCEEDINGS

Alternatively, should Petitioner be attempting to file a civil suit against state officials for alleged civil rights violations under 42 U.S.C. § 1983 (claim of constitutional violation(s) by actors(s) operating under color of state law), Petitioner will need to file a complaint setting out the

---

[5] This matter may have been dismissed without prejudice for Petitioner failed to follow court orders. Fed. R. Civ. P. 41(b). The "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 539 (5th Cir. 1981)). However, it appears that Petitioner did not comply with said Orders because Petitioner wants to first pursue a state appeal rather than a habeas claim under 28 U.S.C. § 2254.

claims with the appropriate filing fee of $350, plus an additional $52 administrative fee. With said complaint, Petitioner may also seek to proceed *in forma pauperis*, which allows him to go forward with the complaint without prepayment of the filing fee, but said fee is still collected on an installment basis as funds become available to Petitioner. 28 U.S.C. § 1915(a), (b). The payment is collected regardless of the outcome of the case. 28 U.S.C. § 1915(e)(2).

## V. CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that the letter complaint (Dkt. No. 1) be **DISMISSED** without prejudice and the request for counsel (Dkt. No. 2) be **DENIED** as **MOOT**.

### *Notice to the Parties*

The Clerk shall send copies of this Report and Recommendation to Petitioner, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas, on March 30, 2021.

Juan F. Alanis
United States Magistrate Judge